IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUAINE DONALD BELGARDE,<br><br>    Petitioner,<br><br>  v.<br><br>Warden SUZIE HUBBARD,<br><br>    Respondent.<br>_____/ | No. C 07-3348 WHA (PR)<br><br>**ORDER FOR PETITIONER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST; PARTIAL DISMISSAL** |

Petitioner, a California prisoner currently incarcerated at the California Medical Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper because the conviction was obtained in San Mateo County, which is in this district. *See* 28 U.S.C. § 2241(d).

### STATEMENT

Petitioner pleaded nolo contendere to charges of making terrorist threats, inflicting injury upon a cohabitant, and dissuading a witness. With sentencing enhancements for a prior "strike" conviction and a prior serious felony, he was sentenced to prison for eighteen years and four months. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also filed a state habeas petition in superior court which was denied.

///

**DISCUSSION**

**A.     STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) his sentence violated due process as determined in *Cunningham v. California*, 127 S. Ct. 856, 871 (2007); (2) the sentencing court's refusal to strike the prior strike conviction was contrary to the standard established in the California Supreme Court's decision in *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996); and (3) the sentencing court "ignored" a state law regarding drug treatment established by Proposition 36.

The second issue, regarding the application of a California state court decision, *Romero*, raises only an issue of state law and thus is not cognizable on federal habeas review. *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002), *overruled on other grounds*, 538 U.S. 901 (2003). And the third issue, regarding Proposition 36, also is a matter of state law and thus not cognizable in this federal proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Both

of these issues will be dismissed.

Petitioner's remaining issue is that his sentence violated *Cunningham*, in which the Supreme Court held that California's determinate sentencing law violates the Sixth Amendment because it authorizes the judge, not the jury, to find the facts permitting an upper term sentence. *See Cunningham*, 127 S. Ct. at 871. *Cunningham* was decided in 2007. Petitioner completed direct review in 2006, he says, so it is very unlikely that he has exhausted this claim by way of direct review.[1] And petitioner alleges in the petition that his only state habeas petition was denied in 2006, before *Cunningham*, and does not list his due process sentencing issue as having been presented there. It therefore seems likely that he has not exhausted the claim.

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available[2] with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Petitioner has the burden of pleading exhaustion in his habeas petition. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). Petitioner has not met that burden here.

**CONCLUSION**

1. Petitioner's second and third issues are **DISMISSED**.

2. Within thirty days of the date this order is entered, **petitioner** shall show cause why this case should not be dismissed for failure to exhaust. If he does not respond, or if he is unsuccessful in showing cause, the case will be dismissed without prejudice to refiling it after

---

[1] It is "unlikely," rather than "certain," only because petitioner might have raised the due process argument without reference to *Cunningham*.

[2] In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

3

1  exhaustion.[3]

2      3. Petitioner is reminded that all communications with the court must be served on
3  respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
4  filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
5  must keep the court informed of any change of address by filing a separate paper with the clerk
6  headed "Notice of Change of Address," and comply with any orders of the court within the time
7  allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
8  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9      **IT IS SO ORDERED.**

11  Dated: September __13__, 2007.

    WILLIAM ALSUP
12      UNITED STATES DISTRICT JUDGE

20  G:\PRO-SE\WHA\HC.07\BELGARDE3348.OSC-P.wpd

---

[3] That such a dismissal would be without prejudice would not, however, affect the operation of the statute of limitations. Petitioner is cautioned that petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the <u>latest</u> of the date on which: (1) the judgment became final after the conclusion of direct review or expiration of the time for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the United States Supreme Court, if the right was newly recognized and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

4