IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUAINE DONALD BELGARDE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>Warden SUZIE HUBBARD,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | No. C 07-3348 WHA (PR)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE FOR FAILURE TO EXHAUST** |

　　　This is a habeas case filed pro se by a state prisoner. In the initial review order two of petitioner's three issues were dismissed. The remaining issue was petitioner's claim that his sentence violated due process as determined in *Cunningham v. California*, 127 S. Ct. 856, 871 (2007). Because *Cunningham* was decided in 2007 and petitioner completed direct review in 2006, it seemed unlikely he had exhausted the claim by that route, and he alleged in the petition that he had not filed any California collateral actions. It thus appeared he probably had not exhausted the *Cuningham* issue. He was ordered to show cause why this case should not be dismissed for failure to exhaust. He has responded.

　　　An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. *See Nino v. Galaza*, 183 F.3d 1003, 1006 n.2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeals. *See id.* If the court of appeals denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the supreme court. *See id.* at n.3.

In his response to the order to show cause why this case should not be dismissed for failure to exhaust, petitioner argues that he should be excused exhaustion because his constitutional rights were violated, but of course that is true of almost all habeas cases. *See* 28 U.S.C. § 2254(a) (court may entertain habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). If that were grounds for excusing exhaustion the exhaustion rule would be meaningless. He also contends that he does not need to exhaust judicial remedies because he is alleging "civil rights issues," presumably relying on the fact that judicial exhaustion is not required for Section 1983 cases. *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997) ("§ 1983 contains no judicially imposed exhaustion requirement"). This, however, is a habeas case and exhaustion is required by statute. *See* 28 U.S.C. § 2254(b),(c).

Petitioner's excuses for his failure to exhaust are without merit. This case is **DISMISSED** without prejudice to filing a new case after exhaustion. The clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September  8 , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\BELGARDE3348.DSM-EXH.wpd